# IN RE GARDNER.

### PATENTS; PATENTABILITY; CLAIMS.

1. A patent cannot properly issue for a result sought to be accomplished by the inventor of a machine, but only for the mechanical means or instrumentalities by which that result is to be obtained.
2. Claims in an application for a patent are properly rejected by the Commissioner as claims for functions or results, where, if allowed, they would cover means substantially different from those described, which might be discovered by another for accomplishing the same results.

No. 451. Patent Appeals. Submitted November 10, 1908. Decided December 22, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Thomas M. Gardner from a decision of the Commissioner of Patents rejecting seven claims in an application for a patent.

As stated in the application, the "invention relates to improvements in registering devices, and particularly. to devices operated automatically and made to register by the vapor itself,—its characteristics, such as its pressure, its degree of superheat (if any), the number of thermal units contained in a unit weight of it, its conditions as to degrees or quality, and the like. * * * By the instrument herein described, one is enabled to determine at a glance the heat characteristic of the vapor, as well as its pressure, and, also, its condition as to dryness, that is, whether wet, just dry, or superheated."

Thirteen of the eighty-three claims of the application were rejected by the Primary Examiner; some of them on the ground that they were functional, and others on references to other patents. On appeal to the Examiners-in-Chief the decision was reversed as to six of. the claims, and affirmed as to the following seven:

"13. In a vapor register, in combination with a vapor conduit, means operatively connected therewith for determining and showing the percentage of entrained liquid in the vapor.

"78. In combination in a vapor register, a dial upon which are marked pressures and heat characteristics, and a device for automatically indicating on said dial simultaneous pressures and heat characteristics.

"79. In combination in a vapor register, a dial upon which are marked pressures and conditions as to dryness, and a device for automatically indicating on said dial simultaneous pressures and conditions as to dryness.

"80. In combination in a vapor register, a dial upon which are marked heat characteristics and conditions as to dryness; and a device for automatically indicating on said dial simultaneous heat characteristics and conditions as to dryness.

"81. In a vapor register, in combination with a suitably inscribed dial, a device for automatically indicating thereon simultaneous pressures and heat characteristics for superheated vapor.

"82. In a vapor register, in combination with a suitably inscribed dial, mechanism for automatically determining and in-

dicating thereon simultaneous heat units and conditions for wet and superheated vapor.

"83. In a vapor register, in combination with a suitably inscribed dial, mechanism for automatically determining and indicating thereon the condition of the vapor through a range from wet to superheated inclusive, and heat characteristics of the vapor corresponding to any given condition of the vapor."

Their decision was affirmed by the Commissioner, and the applicant has again appealed.

*Mr. James Hamilton* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is well-settled law that a patent cannot issue for a result sought to be accomplished by the inventor of a machine, but only for the mechanical means or instrumentalities by which that result is to be obtained. One cannot describe a machine which will perform a certain function, and then claim the function itself, and all other machines that may be invented by others to perform the same function.

Sec. 4888, Rev. Stat., U. S. Comp. Stat. 1901, p. 3383, requires that the applicant for a patent shall describe his invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same; and that, in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and that he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The purpose of this requirement is not only to secure to the inventor the benefit of his invention, but also that the public may know what they are prevented from doing during the existence of his monopoly. *Brooks* v. *Fiske,* 15 How. 212,

214, 14 L. ed. 665, 666; *O'Reilly* v. *Morse;* 15 How. 62, 119,.
14 L. ed. 601, 626. In the case last cited the requirements are
thus stated by Chief Justice Taney:

"Whoever discovers that a certain useful result will be pro-
duced in any art, machine, manufacture, or composition of mat-
ter by the use of certain means is entitled to a patent for it,.
provided he specifies the means he uses, in a manner so full and
exact that any one skilled in the science to which it appertains
can, by using the means he specifies, without any addition to
or subtraction from them, produce precisely the result he de-
scribes. And if this cannot be done by the means he describes,.
the patent is void. And if it can be done, then the patent con-
fers on him the exclusive right to use the means he specifies to
produce the result or effect he describes, and nothing more. And
it makes no difference, in this respect, whether the effect is pro-
duced by chemical agency or combination; or by the application
of discoveries or principles in natural philosophy, known or un-
known before his invention; or by machinery acting altogether
upon mechanical principles. In either case, he must describe the
manner and process as above mentioned, and the end it accom-
plishes. And any one may lawfully accomplish the same end,.
without infringing the patent, if he uses means substantially
different from those described."

It is the duty of the Commissioner of Patents to see that
these conditions are performed.

Testing the appealed claims by the rules above stated, we are
of the opinion that they were rightly rejected as claims for func-
tions or results. If allowed, they would cover means substan-
tially different from those described, which might be discovered
by another for accomplishing the same results, namely, the de-
termination of the percentage of entrained liquid in the vapor,.
as in claim 13, and the indication of heat characteristics and
conditions as to dryness, etc., as in the other claims. We deem
it unnecessary to add anything, by way of argument, to the
grounds assigned by the Primary Examiner and the Examiners-
in-Chief in their decisions, which are sufficiently full and satis-
factory.

The decision appealed from will be affirmed. It is so ordered, and that the clerk certify this decision to the Commissioner of Patents as the law requires.          *Affirmed.*